IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN DYCK BECKER and
YOUNG YIL JO

                Plaintiffs,

     v.                                              CASE NO. 12-3024-SAC

SIX UNKNOWN NAMES AGENTS, et al,

                Defendant.

### O R D E R

Before the court is a pro se complaint submitted for filing without prepayment of the $350.00 district court filing fee. The two plaintiffs named in the complaint are both prisoners incarcerated in a federal correctional facility in Big Springs, Texas.

*Separate Actions are Required*

The court first finds the prisoner plaintiffs must proceed in separate actions. A pro se litigant who is not an attorney cannot represent another pro se party. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). Also, as amended by the Prison Litigation Reform Act in 1996, 28 U.S.C. § 1915(b)(1) requires a prisoner to pay the full district court filing fee when seeking relief in federal court. Courts examining the impact of multiple plaintiffs on this statutory requirement have decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action, and have held that each prisoner plaintiff must pay the full district court filing fee in separate actions. *See e.g. Hubbard v. Haley*, 262 F.3d 1194 (11th Cir.2001).

*Compliance with Court Rules is Required*

The court next finds each complaint is subject to being summarily dismissed without prejudice for the following reasons.

The complaint is not submitted on a court approved form, as required by rules of practice and procedure for this district. *See* D.Kan.Rule 9.1(a)(prisoners seeking relief in habeas corpus for for civil rights violations must submit their petition or complaint on court approved forms).

The complaint does not contain the signature of the pro se plaintiff, contrary to Fed.R.Civ.P. 11(a); and D.Kan.Rule 5.1(b).

And, neither pro se plaintiff submitted an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee required by 28 U.S.C. § 1914(a) to commence an action in federal court.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Even if either plaintiff satisfies the requirements stated above, the court further finds the instant pro se complaint is subject to being dismissed as stating no claim for relief because it presents no intelligible or cognizable constitutional claim against any defendant, and amendment of the complaint to cure this obvious defect appears clearly futile. *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

IT IS THEREFORE ORDERED that:

(1) the Clerk of the Court is directed to open a separate action in the name of Young Yil Jo, and to docket in that case a copy of the complaint submitted by Mr. Becker, and a copy of this Order;

(2) plaintiffs Becker and Jo are granted provisional leave to proceed in forma pauperis in their respective cases; and

(3) the clerk's office is to provide each plaintiff with a form complaint for filing a *Bivens* action and a form motion for seeking leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that each plaintiff is granted twenty (20) days from the

date of this order to submit in their respective case:

(1) a signed form complaint with sufficient allegations to present a plausible claim for relief against the named defendants; AND

(2) the $350.00 district court filing fee OR a signed form motion under 28 U.S.C. § 1915 with the certified financial records required by 28 U.S.C. § 1915(a)(2) attached.

The failure of either plaintiff to comply in a timely manner can result in their respective complaint being dismissed without further prior notice.

**IT IS SO ORDERED.**

DATED:  This 27th day of January 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge